UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

AIDAR N. MASALBEKOV,                    )
                                        )
                    Petitioner,         )
                                        )
        v.                              )        No. 2:26-cv-00217-JPH-MKK
                                        )
BRISON SWEARINGEN,                      )
SAMUEL OLSON,                           )
MARKWAYNE MULLIN,                       )
TODD M. LYONS,                          )
PAMELA JO BONDI,                        )
                                        )
                    Respondents.        )

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS
AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**

Petitioner Aidar N. Masalbekov is a noncitizen who was arrested by U.S. Immigration and Customs Enforcement ("ICE") officials on March 12, 2026, and is detained at the Clay County Jail in Brazil, Indiana. Mr. Masalbekov now petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241, seeking release from custody or a bond hearing pursuant to 8 U.S.C. § 1226(a). Dkt. 1 at 13-14.

For the reasons explained below, the Court grants the petition to the extent that no later than **5:00 p.m. on April 7, 2026**, Respondents must either: (1) afford Mr. Masalbekov an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Masalbekov from custody, under reasonable conditions of supervision.

1

## I.    Background

Mr. Masalbekov is a citizen of Kyrgyzstan. Dkt. 7-1 at 4. He entered the United States without inspection or parole on April 17, 2023. *Id.* at 2. The next day, the Department of Homeland Security ("DHS") initiated removal proceedings by serving Mr. Masalbekov with a notice to appear. Dkt. 7-2 at 4. The same day, DHS released Mr. Masalbekov on an Order of Release on Recognizance ("OREC"). *Id.* at 3. On February 20, 2024, Mr. Masalbekov filed an application for asylum, which remains pending. Dkt. 1-4.

On March 12, 2026, Indiana State Police encountered Mr. Masalbekov during a traffic stop. Dkt. 7-3 at 3. He was arrested and subsequently detained at the Clay County Justice Center since DHS revoked his OREC. Dkts. 7-4, 7-5, and 7-6. The same day, ICE arrested Mr. Masalbekov by a warrant (Form I-200) issued pursuant to 8 U.S.C. § 1226. Dkt. 7-4.

Mr. Masalbekov's notice to appear charges him with inadmissibility under 8 U.S.C. § 1182(a)(6)(A)(i)] as "an alien present in the United States without being admitted or paroled, or who arrived in the United States at any time or place other than as designated by the Attorney General." Dkt. 7-2 at 4. The "arriving alien" checkbox is unmarked. *Id.*

The Court finds that Mr. Masalbekov's OREC revocation was lawful and that his subsequent detention, governed by § 1226(a), is unlawful because he has not been afforded a bond hearing. Because Mr. Masalbekov is entitled to

2

habeas corpus relief on these grounds, the Court does not address Petitioner's other arguments.

## II.    Discussion

Mr. Masalbekov claims that his current detention violates the INA (Counts I and II), the regulations concerning detention and release (Count III), and the Due Process Clause of the Fifth Amendment (Count IV, V, VI, and VII). Dkt. 1 at 7-13. Respondents argue that Mr. Mr. Masalbekov is lawfully detained under the INA pursuant to 8 U.S.C. § 1225(b)(2)(A); that his OREC was properly revoked; and that his detention is constitutional. Dkt. 7.

### A. Revocation of Mr. Masalbekov's OREC

The Attorney General is required to detain an alien, who has been ordered removed, for 90 days. 8 U.S.C. § 1231(a)(1). "If the alien does not leave or is not removed within the [90-day] removal period, the alien, pending removal, shall be subject to supervision under regulations prescribed by the Attorney General." 8 U.S.C. § 1231(a)(3). Noncitizens who have been ordered removed for certain specified reasons may be released, subject to supervision, at the Attorney General's discretion. 8 U.S.C. § 1231(a)(6).

Second, federal regulations prescribe procedures for revoking release on recognizance and for returning a removable noncitizen to custody.

> When an alien who, having been arrested and taken into custody, has been released, such release may be revoked at any time in the discretion of the district director, acting district director, deputy district director, assistant district director for investigations, assistant district director for detention and deportation, or officer in charge (except foreign), in which event the alien may be taken into physical custody and detained.

3

8 C.F.R. § 1236.1(c)(9).

The documentary record, however, shows that on March 13, 2026, Assistant Field Office Director ("AFOD") Anthony F. Cambisi signed a memorandum documenting cancellation of Mr. Masalbekov's Order of Release on Recognizance. Dkt. 7-2 at 2. Respondents represent that Mr. Cambisi, as AFOD, was authorized to do so under 8 C.F.R. § 1236.1(c)(9), and Mr. Masalbekov does not argue that Mr. Cambisi was not authorized. Accordingly, the Court finds that Mr. Masalbekov's OREC was properly revoked pursuant to the applicable regulations.

### B. 8 U.S.C. §§ 1226 and 1225

At issue here are 8 U.S.C. § 1226 and § 1225. While "§ 1226 applies to aliens already present in the United States," U.S. immigration law also "authorizes the Government to detain certain aliens seeking admission into the country under §§ 1225(b)(1) and (b)(2)." *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). Section 1226 governs the "usual" removal process, which involves an evidentiary hearing before an immigration judge. *Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 108 (2020). Proceedings are initiated under 8 U.S.C. § 1229(a), also known as "full removal," by filing a Notice to Appear with the Immigration Court. *Matter of E-R-M- & L-R-M-*, 25 I. & N. Dec. 520, 520 (BIA 2011).

Section 1226(a) provides:

On a warrant issued by the Attorney General, an alien may be arrested and detained pending a decision on whether the alien is to be removed from the United States …. [T]he Attorney General—

(1) may continue to detain the arrested alien; and

(2) may release the alien on—

(A) bond . . . ; or

(B) conditional parole . . ..

8 U.S.C. § 1226(a). An immigration officer makes the initial determination to either detain or release the noncitizen. After that initial decision has been made, "[f]ederal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention." *Jennings*, 583 U.S. at 306 (citing 8 C.F.R. § 236.1(d)(1)); *see also* 8 C.F.R. § 1236.1(c)(8). At that hearing, the noncitizen "may secure his release if he can convince the officer or immigration judge that he poses no flight risk and no danger to the community." *Nielsen v. Preap*, 586 U.S. 392, 397–98 (2019) (citing 8 C.F.R. §§ 1003.19(a), 1236.1(d)); *see also Hernandez v. Sessions*, 872 F.3d 976, 982 (9th Cir. 2017) ("[T]he burden is on the non-citizen to 'establish to the satisfaction of the Immigration Judge . . . that he or she does not present a danger to persons or property, is not a threat to the national security, and does not pose a risk of flight.'") (citing *In re Guerra*, 24 I. & N. Dec. 37, 38 (BIA 2006)).

Section 1225(b)(1) deals with "inspection of aliens arriving in the United States and certain other aliens who have not been admitted or paroled" and provides that immigration officers shall order certain noncitizens removed without further hearing or review unless the noncitizen indicates an intention to apply for asylum. § 1225(b)(1)(A)(i). This applies to noncitizens who have engaged

in misrepresentation or have failed to meet document requirements under §§ 1182(a)(6)(C) or 1182(a)(7). *Id.*

Section 1225(b)(2) pertains to "[i]nspection of other aliens." Section 1225(b)(2)(A) provides that "in the case of an alien who is an *applicant for admission,* if the examining immigration officer determines that *an alien seeking admission* is *not clearly and beyond a doubt entitled to be admitted,* the alien shall be detained for a proceeding under section 1229a of this title." 8 U.S.C. § 1225(b)(2)(A) (emphasis added). An "applicant for admission" is "[a]n alien present in the United States who has not been admitted or who arrives in the United States (whether or not at a designated port of arrival . . .)." 8 U.S.C. § 1225(a)(1). In other words, noncitizens subject to 1225(b)(2) are not eligible for expedited removal but are subject to mandatory detention while their removal proceedings are pending.

### C. Mr. Masalbekov is Eligible for a Bond Hearing Pursuant to 8 U.S.C. § 1226(a)

The record reflects that Mr. Masalbekov is eligible for a bond hearing under § 1226(a).

The Court has previously determined that considering § 1225 as a whole, the most natural meaning is that it applies to "arriving" noncitizens attempting to enter the United States rather than undocumented aliens like Mr. Masalbekov who have lived in the interior of the United States for years. *See Alejandro v. Olson,* No. 1:25-cv-02027-JPH-MKK, 2025 WL 2896348, at *7 (S.D. Ind. Oct. 11, 2025); *Jackson Rizo v. Swearingen,* Case No. 2:26-cv-00026-JPH-MKK (S.D. Ind. January 23, 2026); *Corzo Martinez v. Olson et al.,* No. 2:26-cv-00003-JPH-MKK,

Dkt. 13 (S.D. Ind. January 10, 2026). As the Court has previously explained, Respondents' interpretation of the statute (1) disregards the plain meaning of § 1225(b)(2)(A); (2) disregards the relationship between §§ 1225 and 1226; (3) would render a recent amendment to § 1226(c) superfluous; and (4) is inconsistent with decades of prior statutory interpretation and practice.[1] *See, e.g., Alejandro*, 2025 WL 2896348, at *14-19.

The Respondents cite a recent Fifth Circuit Court of Appeals decision, which upheld the government's interpretation of § 1225(b)(2)(A) in finding that "seeking admission" is a permissible redundancy for "applicant for admission." Dkt. 6 at 9–12; *Buenrostro-Mendez v. Bondi*, 166 F.4th 494, 503 (5th Cir. 2026) ("The Supreme Court has observed that 'redundancies are common in statutory drafting—sometimes in a congressional effort to be doubly sure, sometimes because of congressional inadvertence or lack of foresight, or sometimes simply because of the shortcomings of human communication' . . . . That seems doubly true where the ordinary meaning of the terms involved overlap. Because being an applicant ordinarily entails seeking something, it seems natural to use the words somewhat interchangeably.") (quoting *Barton v. Barr*, 590 U.S. 222, 239 (2020)). Even if the terms refer to different things, the Fifth Circuit found that petitioners such as Mr. Masalbekov can be said to be "seeking admission" even

---

[1] The Court incorporates by reference its more fulsome statutory interpretation of 8 U.S.C. §§ 1226 and 1225 and corresponding analysis of the circumstances to which those statutes apply as set forth in *Alejandro,* 2025 WL 2896348, at *14–19; *Jackson Rizo,* No. 2:26-cv-00026-JPH-MKK, and *Corzo Martinez* No. 2:26-cv-00003-JPH-MKK.

though they have resided within the country for years and are not affirmatively seeking to enter the United States. *Id.*

The Court is not convinced, however, that the Seventh Circuit will follow *Buenrostro-Mendez* and therefore continues to rely on *Castañon-Nava v. U.S. Dep't of Homeland Sec.*, 161 F.4th 1048 (7th Cir. 2025), as persuasive precedent.[2] In *Castañon-Nava*, the Seventh Circuit determined that "seeking admission" cannot be logically seen as synonymous with "applicant for admission" without violating several established canons of statutory interpretation. 161 F.4th at 1061. Furthermore, Respondents' legal reasoning cannot not be reconciled with the government's treatment of Mr. Masalbekov, *i.e.*, releasing him on his own recognizance and arresting him inside the United States pursuant to an administrative warrant that explicitly authorized his detention under § 1226. Given the government's treatment of Mr. Masalbekov, it cannot plausibly now maintain that he is subject to § 1225(b)(2)(A) and therefore categorically ineligible for discretionary release. *Singh*, 2025 WL 3029524, at *6

---

[2] *See Morales Perez v. Walsh*, 2026 WL 44777, at *2 (N.D. Ill. Jan. 7, 2026) ("[a]t a minimum, *Castañon-Nava* carries substantial persuasive weight. It is true that *Castañon-Nava* cautioned that its decision was limited to 'the current record.' [161 F.4th at 1061]. But the statutory-interpretation issue that the opinion resolved was one purely of *law*, and any adjustment to the *factual* record going forward would not likely alter the legal conclusion. In any event, as explained below, the Court agrees with *Castañon-Nava*'s holding on the legal question, so there is no need here to definitively decide whether it is binding precedent or something short of that.").

As respondents also note, the Eighth Circuit recently decided *Avila v. Bondi*, No. 25-3248, 2026 WL 819258 (8th Cir. Mar. 25, 2026), and joined the Fifth Circuit in upholding the government's interpretation of § 1225(b)(2)(A). This Court continues to adhere to the Seventh Circuit's reasoning in *Castañon-Nava* for the reasons set out above.

(citing *Patel v. Crowley*, 2025 WL 2996787, at \*6 (N.D. Ill. Oct. 24, 2025); *Kennedy v. Kijakazi*, No. 22-2258, 2023 WL 1990303, at \*3 (7th Cir. Feb. 14, 2023)).

Furthermore, the facts here are quite different from *Buenrostro-Mendez* where the court's analysis did not indicate that the petitioners were arrested pursuant to an administrative warrant and then served with a Notice to Appear for full removal proceedings. *See Buenrostro-Mendez*, 166 F.4th at 500 ("DHS encountered each petitioner in 2025, and, upon inspection, immigration officers determined that each was inadmissible as an alien present in the United States without having been admitted or paroled . . . DHS commenced removal proceedings under 8 U.S.C. § 1229a against both petitioners, directing that they be detained under 8 U.S.C. § 1225(b)(2)(A) for the duration of those proceedings.").

In sum, the record demonstrates that Mr. Masalbekov's detention is authorized only by § 1226(a), entitling him to consideration of bond. Accordingly, his continued detention without consideration of bond violates the INA, and he is entitled to habeas corpus relief. The Court therefore concludes that Mr. Masalbekov is entitled to a bond hearing under § 1226.

### III.   Scope of Relief

Mr. Masalbekov is entitled to habeas relief because his continued detention without a bond hearing violates ". . . the laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The remaining question is the remedy, which should be "appropriate to the violation." *Waller v. Georgia*, 467 U.S. 39, 50

9

(1984). Mr. Masalbekov requests immediate release from custody or, in the alternative, an individualized bond hearing. Dkt. 1 at 13-14. Immediate release is the customary remedy in habeas proceedings. *See Dep't of Homeland Security v. Thursaissigiam*, 591 U.S. 103, 107 (2020) ("Habeas has traditionally been a means to secure release from unlawful detention."); *Munaf v. Geren*, 553 U.S. 674, 698 (2008) (explaining that "the quintessential habeas remedy" is release from custody). However, the Court finds that it would not be in the interests of justice to order Mr. Masalbekov's immediate release and instead orders Respondents to provide him an individualized bond hearing as required by § 1226(a) and its regulations.

## IV.    Conclusion

The Court grants the petition to the extent that no later than **5:00 p.m. on April 7, 2026**, Respondents must either: (1) provide Mr. Masalbekov with an individualized bond hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) and its regulations; or (2) release Mr. Masalbekov from custody, under reasonable conditions of supervision. No later than **5:00 p.m. on April 9, 2026**, Respondents must file documentation certifying that they have provided Mr. Masalbekov with a bond hearing or released him from detention.

Mr. Masalbekov's motion for temporary restraining order, dkt. [2], is **denied** to the extent it seeks relief not otherwise covered by this order.

The **clerk is directed** to enter final judgment.

**SO ORDERED.**

Date: 4/3/2026

_James Patrick Hanlon_
James Patrick Hanlon
United States District Judge
Southern District of Indiana

10

Distribution:

All electronically registered counsel